Rutland,
*February,*
1840.

GILMAN A. BRAMBLE *v.* THE TOWN OF POULTNEY.

The return on an execution, that the debtor is sick, must show that he is so sick that it would endanger his life to execute the process.

In such case, the officer should immediately return his execution, or, if still in life, he may hold it, he using *reasonable diligence* to keep watch o' the debtor, that he may execute the process upon him in case of recovery and before he escape.

Where the officer's return shows that the debtor in execution was thus sick, and had no property to be found on the 29th day of March, and further states that, " since that time, on diligent search in and throughout my precinct, I cannot find the goods, chattels or body of the debtor,' dated April 5,—this, alone, without any further proof, does not show a neglect of duty in the officer.

ACTION on the case, against the town of Poultney, for the default of Harlow Hosford, their constable, in not levying and returning a writ of execution in favor of the plaintiff, against one Allen Belding. Plea, the general issue, and trial by the court.

Upon the trial in the court below, the plaintiff gave in evidence the original writ of execution and the constable's return thereon. The execution was dated February 1, 1834, and signed by Alden Dinsmore, a justice of the peace in Hartland, in the county of Windsor, and made returnable in one hundred and twenty days from date, and was delivered to said Hosford, as constable of Poultney, for collection, on the sixth of February, 1834. The return of the constable, indorsed on the back of the execution, is as follows :

" Rutland county, ss.—Poultney, March 29, 1834. Then,
" by virtue of this execution, I repaired to the dwelling house
" of the within named Allen Belding to levy and collect this
" execution, and I found said Belding sick in bed, but could
" find no goods, chattels or estate, whereon to levy the same,
" and said Belding said he had no means to secure it and
" that his health would not admit of his being committed to
" jail with safety. He also furnished me with a certificate
" from every physician in Poultney, (being three in number)
" certifying to that effect ;—Therefore, I was of the opinion
" that I could not commit him to jail without greatly endan-
" gering his life. But since that time, on diligent search
" within and throughout my precinct, I cannot find any goods,
" chattels or estate of said Allen Belding, nor his body, whereon

"levy and collect this execution, as within directed, there-
"fore I return it wholly unsatisfied.  April 5, 1834, mailed.
   "Attest,      HARLOW HOSFORD, Constable."

It was admitted that the execution was returned to the justice, who issued it, within one hundred and twenty days from its date.

The plaintiff insisted that the return of the constable did not show a justification for not executing the writ, and that he was liable for permitting the debtor to escape.  But the county court decided that the return was, *prima facie*, sufficient, and a justification to the constable, unless disproved, and rendered a judgment for the defendant.

The plaintiff excepted to the decision of the county court.

*S. Foote*, for plaintiff.

If the return of the officer be insufficient, it is the same as no return.  1 Barn. & Ald. 190.

The return made by the officer, in this case, is insufficient and is no justification to him.  It is not a return of *non est inventus*, for he certifies that he found the judgment debtor.  As a return of *languidus*, it is bad, for it appears from the return, that he saw him but once during the 115 days which the execution had to run, after he had received it, and it does not appear but that the debtor might have been committed, without danger of injury to him, on any of the other days.  The return should state, not only that the debtor was sick and unable to be removed, at the time the officer called upon him, but continued so until the return day of the execution.  4 Barn. Ald. 279.

Should an officer call upon a debtor and find him laboring under a temporary fit of insanity or of intoxication, or other temporary disability, which, for the time being, should render it imprudent or unsafe for the officer to remove him, would the officer be justified in returning the execution and merely certifying that he called upon the debtor, on a certain day, and found him unable to be removed without danger to his life?  If so, it would be a very easy matter to defeat the collection of an execution, or for the debtor to evade a commitment.  The officer is bound to the exercise of due diligence, and if he finds an execution debtor, under any circumstances of temporary disability, he is to keep him in cus-

tody, or await a reasonable length of time for the removal of such disability and to certify accordingly.   1 Aik. 55.

*J. Clark,* for defendant.

The case shows that the execution was duly returned to the justice within 120 days from its date.

The return of a sheriff on a writ, is evidence in his behalf of the official acts therein contained.  *Stanton* v. *Hodges,* 6 Vt. R. 64.  *Hathaway* v. *Goodrich,* 5 Vt. R. 65.

The law, therefore, is settled, that the return of a sheriff is, at least, *prima facie* evidence, as well for himself as against a third person, and it will not be denied that the same principles apply to constables, in that respect, as well as to sheriffs.

The constable's return in question, is substantially a return of *nulla bona* as well as *languidus,* and, so far as the facts would admit, a return of *non est inventus.*

2. The return was not made too early.  For aught that appears, it was made in good faith and without fraud and must be so taken.  Neither a constable nor sheriff are restricted to any particular day to make a return of an execution, provided it is made within the life of the execution.

The place of return was somewhat remote, and it was one of those public services which the constable must perform without fees.

The defendant, therefore, insists, that, from the whole facts in the case, it does not appear that Hosford was guilty of any neglect or default, in respect to said execution, for which the town of Poultney can be made liable.

The opinion of the court was delivered by

COLLAMER, J.—If an officer would excuse himself by a return of *languidus,* and by *that only,* the return must show that the sickness was such as would endanger life to execute the process, and that this continued up to the return of the process.  This is all the plaintiff's authorities show.  If the officer finds the debtor thus sick, what is his duty?  It clearly cannot be his duty there to remain with the sick man, perhaps confined with a fever or the small pox, watching the sick man, for fear of recovery and escape.  His duty is to use *reasonable diligence* in holding watch for his recovery

or to make a return of the process, that the creditor may renew and put it into other hands. Now this *reasonable diligence* is a matter composed of circumstances. It depends on the nature of the disease under which the debtor is laboring, the nature or amount of the claim and all the other motives as well as opportunities of escape, location of the debtor's and officer's residence, &c. If the utmost *reasonable diligence* is used and yet the debtor escape, or is carried off by those who are regardless of the hazard of his life, the officer is excused.

This is an action charging neglect in an officer in not levying and returning an execution. His return is evidence of the truth of every fact therein stated, of which he is a certifying officer. By that return it appears that when he first called on the debtor, with the execution, he found him so sick that he could not execute the process on his body, without danger to his life, for this is the substance of the return. This excused the want of arrest at that time. Had the officer depended on the sickness alone for his excuse, the return must have shown the sickness continued up to the time of the return. But the return states that, within six days, on diligent search, the officer could not find the debtor, and it appears there was no property, and the execution was seasonably returned. Now this, alone, shows no neglect. This renewal of search may have been extreme vigilence, as that depends on circumstances. The court, therefore, correctly decided that the plaintiff must show more than the return in order to prove there was any neglect of duty.

Judgment affirmed.